## JOSEPH ROY *vs.* JOSEPH JETTE.

JUNE 29, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)  Negligence.  Automobiles.  Damages.  Evidence.*

Where it is clearly shown that by reason of the accident there would arise a
permanent deterioration in the endurance power and service ability of an
automobile, evidence as to depreciation of market value from that cause
is admissible, provided the application of such evidence by the jury is
carefully guarded by instructions from the court.

TRESPASS ON THE CASE for negligence.  Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.  This is an action of trespass on the case to recover damages for injury to the plaintiff's automobile alleged to have been caused by the negligence of the defendant in the operation of an automobile driven by him.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for $500.  The defendant duly filed a motion for new trial which was denied by the justice.  The cause is before us upon the defendant's exception to the decision of the justice upon the motion for new trial and upon certain exceptions taken by the defendant to rulings of the justice made in the course of the trial.

Certain exceptions to rulings upon the admission of testimony are before us.  They all relate to questions asked by the plaintiff of automobile dealers and salesmen as to the market value of the plaintiff's car after the same had been repaired following the accident, and as to whether there had been a depreciation in the market value of the automobile resulting from the accident, although the superficial and apparent injuries had been repaired.  Evidence was introduced to the effect that the damage to the plaintiff's car was serious, affecting vital parts of the mechanism and adjustments of the machine, and that after such injury there would be a weakening of the mechanism which would not be corrected by the repair of broken or injured parts.  The

rulings to which these exceptions relate were in the admission of evidence that such weakening was reflected in the market value of an automobile which had been in such an accident, and that there was a well established measure of (1) depreciation adopted in the trade, dependent upon the severity of the injury, and amounting in some cases to fifty per cent of the value of the machine before the accident. The evidence was admitted that in the case at bar the depreciation would amount to at least twenty-five per cent. If it was clearly proved to the satisfaction of the jury that by reason of the accident there would arise a permanent deterioration in the endurance power and serviceability of the automobile, then it appears to us that depreciation of market value from that cause was a proper subject for the consideration of the jury; provided the application of such evidence by the jury be carefully guarded by instructions from the court. The defendant's exceptions to these rulings on the admission of evidence are not sustained. The first four exceptions to rulings denying the defendant's request for instructions to the jury relate to the same question and are also overruled.

The defendant excepted to that portion of the charge of the justice in which he instructed the jury in regard to the plaintiff's claim for depreciation in market value resulting from the accident. The justice instructed the jury that upon the question of damages it might consider evidence of such depreciation. He pointed out the difficulty which the question presented, and that any finding in that regard should be based upon satisfactory evidence as to fair market value of the automobile before the accident and its fair market value after the accident. In the portion of the charge excepted to the justice, while admitting the pertinency of evidence as to this element of damage, sought to caution the jury against its improper use. The effect of this instruction is shown in the moderation of the jury's finding upon the question of damages. We consider this portion of the charge to be without error.

There was evidence before the jury which fully justified a finding of negligence in the defendant and due care in the plaintiff and we find no reason for disturbing the decision of the justice supporting the verdict upon the question of liability.

The exception to the refusal of the justice to direct a verdict for the defendant on the ground that the evidence shows the plaintiff to have been guilty of contributory negligence as a matter of law is without merit; as is also the defendant's exception to the refusal of the justice to instruct the jury as requested upon the matter of contributory negligence. The justice had in his general charge correctly and fully instructed the jury upon that subject.

The defendant's claim of error in the refusal of the justice to grant a new trial on the ground that the verdict is excessive in amount is without merit. There was evidence before the jury which would have supported a larger verdict. In view of the undisputed evidence showing the amount of the plaintiff's expenditures for repairs, the time during which the plaintiff was deprived of the use of the automobile, by reason of the accident, and the cost of hiring another car while the machine here in question was being repaired, it appears that the jury must have reached a very conservative estimate of the damage arising from depreciation in market value.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Walling & Walling*, for plaintiff.
*James H. Rickard*, for defendant.